UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DANA CHAPMAN MASTERS,<br>INDIVIDUALLY AND AS<br>REPRESENTATIVE OF THE ESTATE<br>OF ALAN KEN MASTERS, DECEASED,<br>AND AS NEXT FRIEND OF JANNA<br>MASTERS AND KAITLYN MASTERS,<br>MINOR CHILDREN<br><br>VS.<br><br>SOUTHWESTERN ENERGY<br>PRODUCTION CO., HELMERICH &<br>PAYNE INTERNATIONAL DRILLING<br>CO., J&W ENGINEERING, INC.,<br>HAMILTON ENGINEERING, INC.,<br>STEVE DAVIS, INDIVIDUALLY AND<br>AS REPRESENTATIVE FOR S&S<br>CONSULTING, DAVIS CONSULTING,<br>STEVE DAVIS CONSULTING, S&S<br>CONSULTING, INC., S. DAVIS<br>CONSULTING, INC., STEVE DAVIS<br>CONSULTING, INC. AND S DAVIS<br>CONSULTING and T.K. STANLEY, INC. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2-06CV-137<br>JURY |

## Defendant T.K. Stanley, Inc.'s Original Answer
## To Plaintiffs' First Amended Original Complaint

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW, **T.K. STANLEY, INC. (T.K. STANLEY),** a Defendant in the above

numbered and entitled cause, and pursuant to the Federal Rules of Civil Procedure, makes and files

this, its Original Answer to Plaintiffs' First Amended Original Complaint, and for such Answer,

Defendant would respectfully show unto the Court the following:

**1.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**2.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**3.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**4.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**5.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**6.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**7.**

This Defendant admits it is a Mississippi Corporation authorized to conduct business in the State of Texas. Except as specifically admitted herein, the remaining the allegations contained in Paragraph 7 of Plaintiffs' First Amended Original Complaint are denied.

**8.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**9.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**10.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**11.**

This Defendant denies each and every allegation contained in Paragraph 11 of Plaintiffs' First Amended Original Complaint.

**12.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**13.**

This Defendant admits that on the 8th day of March, 2005, Alan Ken Masters, Deceased, was in the course and scope of his employment with T.K. Stanley, Inc. This Defendant admits that Alan Ken Masters, Deceased, died. Except as specifically admitted herein, the remaining the allegations contained in Paragraph 13 of Plaintiffs' First Amended Original Complaint are denied.

**14.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**15.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

N:\LIBERTY\Masters\Pleadings\Answer-Original.wpd

**16.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**17.**

This Defendant admits that it was hired by Helmerich & Payne International Drilling Co. Except as specifically admitted herein, this Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**18.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**19.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**20.**

This Defendant denies that it made the work site in question "more dangerous." With regard to the remaining allegations, this Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**21.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**22.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**23.**

This Defendant admits that it was engaged in the business of moving and/or relocating oilfield drilling rigs.  Except as specifically admitted herein, this Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**24.**

This Defendant admits that it was a Sub-Contractor hired by Helmerich & Payne International Drilling Co.  Except as specifically admitted herein, this Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**25.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**26.**

This Defendant denies each and every allegation contained in Paragraph 26 of Plaintiffs' First Amended Original Complaint.

**27.**

This Defendant admits that the Deceased, Alan Ken Maters, is dead.  Except as specifically admitted herein, the remaining the allegations contained in Paragraph 27 of Plaintiffs' First Amended Original Complaint are denied.

**28.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**29.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**30.**

Paragraph 30 of Plaintiffs' First Amended Original Complaint does not make an allegation, but invokes the doctrine of Respondeat Superior.  Therefore, this Defendant need not admit nor deny

N:\LIBERTY\Maters\Pleadings\Answer-Original.wpd

Paragraph 30 of Plaintiffs' First Amended Original Complaint. To the extent that Paragraph 30 of Plaintiffs' First Amended Original Complaint is interpreted as an allegation, this Defendant admits that the deceased, Alan Ken Masters, was its employee and was in the course and scope of his employment with this Defendant at the time of the incident subject of this lawsuit. Except as specifically admitted herein, this Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

### 31.

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

### 32.

This Defendant admits that it was the employer of the deceased, Alan Ken Masters. This Defendant denies that it was grossly negligent in failing to warn the deceased, failing to train the deceased, and failing to heed warnings of others, and in violating any statutes that constitute criminal conduct on the part of this Defendant and its employees. This Defendant denies that its acts and/or omissions and/or violations, if any, proximately caused the occurrence in question. This Defendant denies that its acts and/or omissions and/or violations, if any, proximately caused the injuries and damages to the deceased, his estate, Plaintiffs and any other party in this litigation. Except as specifically admitted herein, this Defendant denies each and every remaining allegation made against it by Plaintiffs and Co-Defendants.

**33.**

This Defendant is without information or knowledge at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' First Amended Original Complaint, and therefore denies same.

**34.**

This Defendant denies each and every allegation contained in Paragraph 34 of Plaintiffs' First Amended Original Complaint.

**35.**

This Defendant also demands a trial by jury on all issues, and hereby formally makes this demand and application for a jury trial in this litigation pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**36.**

This Defendant denies Plaintiffs are entitled to any and all relief alleged in their Pray for Relief in Plaintiffs' First Amended Original Complaint.  This Defendant denies that Plaintiffs have judgment against this Defendant for any amount of damages alleged in Plaintiffs' First Amended Original Complaint.

**37.**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Defendant further alleges by way of affirmative defense, and without waiver of the foregoing, Defendant is not liable to Plaintiffs because the injuries and damages sustained by Dana Chapman Masters, Individually and As the Representative of the Estate of Alan Ken Masters, Deceased, and As Next Friend of Janna Masters and Kaitlyn Masters, Minor Children were caused by the acts or

omissions of a third party or third parties over whom this Defendant had no control or right of control.

**38.**

## SECOND AFFIRMATIVE DEFENSE

Defendant says that, at all material times, it was a subscriber to the Texas Workers' Compensation Act, as that term has historically been defined, and/or that at all material times, it purchased and maintained in full force and effect a policy of Workers' Compensations Insurance, in full compliance with the laws of the State of Texas. Accordingly, Defendant says that it is entitled to the exclusive remedy and fellow-servant protection afforded by the Texas Workers' Compensation Act.

**39.**

## THIRD AFFIRMATIVE DEFENSE

Defendant further alleges by way of affirmative defense, and without waiver of the foregoing, Defendant hereby pleads all of the limitations on punitive/exemplary damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code and asserts the right to avail itself of all limitations set forth therein.

**40.**

## FOURTH AFFIRMATIVE DEFENSE

Defendant further alleges, without waiver of the foregoing, that any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

- 10 -

1. Such punitive damages are intended to punish and deter Defendant and thus this proceeding becomes essentially criminal in nature;

2. The Defendant is being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

3. Plaintiffs' burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendant's right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendant under Article 1, Section 19 of the Texas Constitution; and

4. Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiffs' Complaint purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

**41.**

## **REQUEST FOR A TRIAL BY JURY**

Defendant hereby formally makes this demand and application for a jury trial in this litigation pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED, T.K. STANLEY, INC.,** Defendant, having fully answered herein, prays that it go hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendant may be justly entitled.

N:\LIBERTY\Masters\Pleading\Answer-Original.wpd

Respectfully submitted,

**BEAN, BEAN & BROTHERS, L.L.P.**

By: _____
David E. Brothers
Federal I.D. No. 8575
Frank A. Piazza
Federal I.D. No. 34725
Two Memorial City Plaza
820 Gessner, Suite 1500
Houston, Texas 77024
(713) 463-7500
Fax:    (713) 463-7779

Attorneys for Defendant,
**T.K. STANLEY, INC.**

N:\LIBERTY\Masters\Pleadings\Answer-Original.wpd

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with the Federal Rules of Civil Procedure on this the _29_ day of November, 2006.

**VIA FAX**
Mr. R.W. "Ricky" Richards
RICHARDS, CROSS & PENN, L.L.P.
516 E. Commerce
P.O. Box 1309
Jacksonville, TX 75766

**VIA FAX**
Mr. Stewart K. Smith
2110 Walnut Hill Lane, Suite 200
Irving, TX 75038

**VIA FAX**
Ms. Gwendolyn Elizabeth Pilgrim
SEDGWICK DETERT MORAN & ARNOLD
1717 Main Street, Suite 5400
Dallas, TX 75201

**VIA FAX**
Mr. Christopher L. Evans
ADAMS AND REESE, L.L.P.
1221 McKinney, Suite 4400
Houston, TX 77010

**VIA FAX**
Mr. Edward J. Patterson, III
FULLBRIGHT & JAWORSKI
1301 McKinney, Suite 5100
Houston, TX 77010-3095

**BEAN, BEAN & BROTHERS, L.L.P.**

By: _____
David E. Brothers

N:\LIBERTY\Masters\Pleading\Answer-Original.wpd